UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS ARMSTEAD,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-138-RLM-MGG

DENNIS REAGLE, et al.,

    Defendants.

OPINION AND ORDER

Marcus Armstead, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Armstead alleges that on March 29, 2020, he was stabbed by an inmate and bleeding profusely. For around half an hour the weapons team stood around waiting for offenders to secure, saying they wouldn't come in to help Mr. Armstead until everyone was locked down, including the inmate that was applying pressure to Mr. Armstead's wound. Mr. Armstead was air lifted to the hospital with severe

injuries. Mr. Armstead sues Warden Dennis Reagle, the Weapon's Team Commander (name unknown), and Miami Correctional Facility.

This isn't Mr. Armstead's first lawsuit about this incident. He sued the "State of Indiana – Curtis Hill" and "M.C.F. Administration Officers @ Large." *Armstead v. Indiana*, 3:20-CV-818-DRL-MGG (filed Sept. 29, 2020). The court found that Mr. Armstead's amended complaint didn't state a claim against either of the defendants he sued in that case. He was given an opportunity to amend his complaint again, but he didn't file an amended complaint, and the court dismissed the complaint under 28 U.S.C. § 1915A on July 26, 2021.

Mr. Armstead didn't file this suit until January 21, 2023, nearly two years and ten months after the incident occurred. Indiana's two-year statute of limitations applies. Behavioral Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005). Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes clear that the claims are time barred. Cancer Foundation, Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674 (7th Cir. 2009). On its face, Mr. Armstead's complaint appears time-barred. In the interests of justice, the court will give Mr. Armstead an opportunity to file an amended complaint that includes an explanation of what, if anything, prevented him from bringing this lawsuit on or before March 29, 2022

If Mr. Armstead believes he can amend his complaint to address the concern outlined in this order, he may do so. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where

amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Marcus Armstead until **June 6, 2023**, to file an amended complaint; and

(2) CAUTIONS Mr. Armstead that if he doesn't respond by June 6, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 3, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

---

[1] He must use the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. N.D. Ind. L.R. 7-6.