UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS ARMSTEAD, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-138-RLM-MGG |
| DENNIS REAGLE, et al., | |
| Defendants. | |

OPINION AND ORDER

Marcus Armstead, a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Armstead's amended complaint alleges essentially the same facts as his earlier complaint. ECF 1; ECF 9. On March 25, 2020,[1] Mr. Armstead was stabbed by an inmate and bleeding profusely. The defendants were present but didn't take steps to help him in a timely manner. Ultimately, Mr. Armstead was air lifted to a hospital with

---

[1] The earlier complaint alleged that the incident occurred on March 29, 2020, although this discrepancy has no bearing on the outcome of this case. ECF 1 at 5.

severe injuries. Mr. Armstead is suing Warden Dennis Reagle, the Weapon's Team Commander (name unknown), and Miami Correctional Facility.

Mr. Armstead didn't file this case until January 21, 2023, nearly two years and ten months after the incident occurred. ECF 1 at 22. Indiana's two-year limitations period applies to this case. Behavioral Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005). Although the statute of limitations is an affirmative defense, dismissal is appropriate if the complaint makes clear that the claims are time barred. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674 (7th Cir. 2009). In screening Mr. Armstead's earlier complaint, the court noted that his claims appeared to be time-barred, but in the interests of justice, Mr. Armstead was granted an opportunity to file an amended complaint that includes an explanation of what, if anything, prevented him from bringing this lawsuit on or before March 29, 2022.

Mr. Armstead's amended complaint makes no effort to explain why he couldn't bring this lawsuit within two years of when his claim accrued. Because Mr. Armstead was given an opportunity to explain why this case should be permitted to proceed when it was filed long past the statute of limitations and he offered no explanation, it will be dismissed.

The court DISMISSES this case under 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on July 31, 2023

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT

2